IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELVAN REAUX, | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| Vs. | § | |
| | § | |
| TOTAL E&P USA, INC. and | § | |
| PRIMARY SERVICES | § | |
| | § | |
| Defendants | § | (JURY TRIAL DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW Delvan Reaux ("Plaintiff" or "Ms, Reaux") filing this Complaint complaining of Defendants Total E&P USA, Inc. and Primary Services, and in support of her causes of action would respectfully show the Court as follows:

### I. JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and both statutes' related anti-retaliation regulations.

2. Plaintiff Delvan Reaux resides in Harris County, Texas. She is African-American and is protected by 42 U.S.C §1981 and Title VII. Ms. Reaux was an employee at all relevant times within the meaning of the applicable statutes.

3. Plaintiff will serve Defendants with her Original Complaint by and through Defendants' registered agent.

4. Defendant Total E&P USA, Inc. conducts business within the Southern District of Texas, Houston Division and the events that form the bases of Plaintiff's claims occurred within Harris County, Houston, Texas. Venue is appropriate in this Court.

5. Defendant Primary Services conducts business within the Southern District of Texas, Houston Division and the events that form the bases of Plaintiff's claims occurred within Harris County, Houston, Texas. Venue is appropriate in this Court.

## II.  EXHAUSTION OF ADMINSTRATITIVE REMEDIES

6. Ms. Reaux filed an original Charge of Discrimination ("Charge") against Defendant Total E&P USA, Inc. with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or about March 4, 2019 and amended it on July 2, 2019, In her Charges, Ms. Reaux averred that Defendant Total engaged in racial discrimination against her and retaliated against her for complaining about such discrimination. The EEOC assigned Ms. Reaux's Charge the No. 460-2019-01905 and her amendment thereto the No. 460-2019-02852.

7. After investigation, the EEOC issued a Right-to-Sue letter on August 30, 2019 which Ms. Reaux received on or about September 2, 2019. Ms. Reaux timely filed suit on December 2, 2019.

## III.   FACTUAL BACKGROUND

8. In 2015, Ms. Reaux worked for Primary Services (Primary), an employment agency that assigned her to work for Defendant Total E&P USA, Inc. (Total).

9. Ms. Reaux holds a bachelor in science and a master's in business administration. She also had five years' experience in HR when first hired to work for Total.

10. Upon assignment, Total placed Ms. Reaux in its AP department but eventually moved her to its HR Dept in July 2016. Ms. Reaux was one of only two Black-American employees in Total's HR department.

11. Despite having superior credentials and experience compared to the other HR and other administrative employees who were non-black, Ms. Reaux was treated as a subordinate. This was so even though she trained the new employees who were hired after her. For example, Ms. Reaux office was taken away from her and eventually given to a new hire, a French national (white male).

12. After working in Total's HR department for some time, Ms. Reaux learned that she was being paid significantly less than the other non-black HR and Admin employees who were also assigned to Total by Primary.

13. Upon her discovery, Ms. Reaux brought the pay disparity to the attention of Brenna Fisher (white female), Primary Services Service-Account Service Manager, who upon information and belief, discussed this with Lindsey Boucher and/or other Total managers.

14. Ultimately Total denied Ms. Reaux' request for equal pay saying that her pay was "capped" even though it was less than other similarly situated employees.

15. After reporting the disparate treatment, Total and Primary retaliated against Ms. Reaux by demoting her to part-time and refusing to move her to a full time position in an effort to force me to leave.

16. Ms. Reaux was forced to resign and subjected to constructive discharge, on or about March 22, 2019 because of the continuing discriminatory work environment created and fostered by both Total and Primary because of Ms. Reaux' race and race complaints based on Total and Primary's refusal to restore Ms. Reaux to a full time position or a position consistent with her

experience and credentials despite their awareness of the pay disparity; directives to train new or other employees on the work Ms. Reaux had been performing despite their knowledge of the pay inequities and requests to return to full time employment, among other things.

17. At all times relevant to the facts in this case, Total and Primary both controlled and directed the day to day events of Ms. Reaux' work day and responsibilities. Total and Primary are joint employers.

## IV.  CAUSES OF ACTION

### A.  RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 AND TITLE VII

18. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs 6 through 17 above and incorporates the same herein as though fully set forth.

19. Defendants, through their agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's employment because of her race.

20. This intentional interference consisted of discrimination of a continuous nature.

21. Defendants, through their agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, opportunities and/or terms and conditions of Plaintiff's employment.

22. The above-described acts on Defendant's part were committed with actual malice and/or in reckless disregard of Plaintiff's federally protected civil rights.

23. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

**B.  RETALIATION PURSUANT TO 42 U.S.C. §1981 AND TITLE VII**

24. Plaintiff repeats and re-alleges the allegations contained in the paragraphs 6 through 17 above and incorporates the same by reference as though fully set forth herein.

25. After complaining to management of race discrimination, Plaintiff was subsequently and repeatedly harassed, ignored, demeaned, demoted, stripped from work hours and ultimately constructively discharged.

26. As herein alleged, Defendants illegally retaliated against Plaintiff because she complained of maltreatment and discrimination.  Defendants have no legitimate business reasons for any of such acts. Each act of retaliation is in violation of 42 U.S.C. §1981 and Title VII's anti-retaliation provisions.

27. As a direct and proximate result of Defendants' willful, knowing, intentional and/or reckless discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.  The above-described acts on Defendants' part were undertaken in violation of 42 U.S.C. §1981 and Title VII and proximately caused Plaintiff substantial injuries and damages.

### V.    JURY DEMAND

28. Plaintiff requests that this action be heard before a jury.

### VI.    DAMAGES

29. Defendants' conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affected Plaintiff in her occupation.  Because of Defendants' unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer financial loss, humiliation, mental anxiety and stress, and other damages.  Plaintiff has suffered direct injury as a proximate

result of the unlawful discriminatory practices, policies and procedures of Defendants. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages in an amount to be proved at trial.

30. Because of Defendants' unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

31. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living.  Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

32. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendants.  Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendants do not promptly tender damages assessed against them and to avoid unjustly enriching Defendants.

## VII.   PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendants for:

a. Permanent injunction enjoining Defendants, their agents, successors, employees, and those acting in consort with Defendants from engaging in any employment practice which discriminates on the basis of race and protected complaints.

b. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any further amendment(s) thereto, including but not limited to back pay, reinstatement or front

pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

      c.      Compensatory damages for pain and mental suffering in the past and future;

      d.      Punitive damages in an amount above the minimum jurisdictional limit of the Court;

      e.      Reasonable attorney's fees, with conditional awards in the event of appeal;

      f.      Pre-judgment interest at the highest rate permitted by law;

      g.      Post-judgment interest from the judgment until paid at the highest rate permitted by law;

      h.      Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

      i.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any further amendment hereto.

      Respectfully submitted,

      _/s/_ Wendle Van Smith_____
      Wendle Van Smith
      Attorney Wendle Van Smith
      One Arena Place
      7322 Southwest Freeway, Suite 2010
      Houston, Texas 77074
      Wendle1v@flash.net